Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4055 | **DATE** | February 7, 2001 |
| **CASE TITLE** | Beeble v. National Air Traffic Controllers' Assoc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Motion to remand this case to the Circuit Court of Cook County [3-1] is granted.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| x | Notices MAILED by judge's staff. | | FEB 0 9 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 7 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | 01 FEB -8 PM 4:15 | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |
| | | (Reserved for use by the Court) | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIANNE BEBBLE, )<br>)<br>　　　　　Plaintiff, )<br>)<br>　　v. )<br>) No. 00-C-4055<br>)<br>NATIONAL AIR TRAFFIC CONTROLLERS' )<br>ASSOCIATION, NATIONAL AIR TRAFFIC )<br>CONTROLLERS ASSOCIATION - LOCAL )<br>ZAU, NATIONAL AIR TRAFFIC )<br>CONTROLLERS' ASSOCIATION - C90 )<br>TRACON, NATCA VOICE, BRYAN )<br>THOMPSON, Individually and as )<br>Managing Editor of the NATCA Voice,)<br>PETER JOHN WHIDDEN a/k/a NOVEMBER )<br>YANKEE, TONY GREER, JEFF PARRISH, )<br>ED MORRIS, BRIAN FALLON, ANNA VON )<br>WERDER, WAYNE DOMBROSKI, MIKE )<br>GATELEY, BILL SNYDER, AL SMITH, )<br>KEN KLUGE, JIM POOLE, and BILL )<br>SEAY, )<br>　　　　　Defendants. )| |

## MEMORANDUM OPINION

Before the Court is the plaintiff's motion to remand this case to the Circuit Court of Cook County, Illinois. For the reasons explained below, the motion is granted.



**Facts**

The plaintiff, Diane Bebble, was an employee of the Federal Aviation Administration ("FAA"), working as an Assistant Air Traffic Manager at the Chicago Air Route Traffic Control Center in Aurora, Illinois when the events underlying the litigation occurred. The defendants are the national and local chapters of the National Air Traffic Controllers Association ("NATCA"), which is the union that represents the nation's air traffic controllers employed by the FAA; the NATCA Voice, the union's "official grassroots" publication; and several members and officials of NATCA or the NATCA Voice, including Jim Poole, the Regional Vice President for the Great Lakes Region of NATCA.

In May of 1999, the NATCA Voice published an article entitled "Ding Dong the Witch is Dead! Chicago's Deputy Diane Relieved of Duty," which portrays the plaintiff in an unflattering light (to put it mildly)[1] and criticizes her dealings with the union. See Notice of Removal, Exh. II(A). On August 4, 1999, the plaintiff

---

[1] Peppered with derogatory comments about the plaintiff, the article is rather misogynist in tone. For example, the article asserts that the plaintiff was "[u]ndoubtedly a product of the FAA's attempt to show that there is no glass ceiling for woman (sic) in this agency." The article moves on to a critique of her hemline, and further likens her to an "annoying little toy poodle, nipping at your ankles while you are busy trying to get something done....The kind where you just feel like kicking the thing across the room like some cheap 'nerf' football or rolling up a newspaper and swatting it across the nose." See Notice of Removal, Exh. II(A).

filed this lawsuit in the Circuit Court of Cook County, Illinois, alleging libel, invasion of privacy, and intentional and reckless infliction of emotional distress. Id., Exh. I. On October 4, 1999, defendant Poole wrote a letter to the Division Manager of the FAA's Great Lakes Regional Office requesting that, in light of the pending litigation, the plaintiff's position be restructured to eliminate contact between her and NATCA's representatives. Id., Exh. II(B). The plaintiff alleges that as a result of this letter she was relieved of her duties as Assistant Air Traffic Manager at the center in Aurora. On May 8, 2000 she amended her complaint to add defendants, including Jim Poole, and to add claims, including, among other state law claims, one for interference with prospective economic advantage.

Defendants Poole and Smith ("removing defendants") removed the case to this court pursuant to 28 U.S.C. § 1441 on the ground that plaintiff's claim for interference with prospective economic advantage arises out of union activity protected by the Federal Labor-Management Relations Act, ("FLMRA") 5 U.S.C. § 7101, et seq. The plaintiffs filed this Motion to Remand arguing that the protection of the FLMRA is at most a defense to the plaintiff's

claims, and thus, is insufficient to form the basis of removal to this court.

**Analysis**

Under 28 U.S.C. § 1441, a defendant may remove a lawsuit filed in state court to federal court only if the federal court has original jurisdiction over the action. The defendant must file a notice of removal with the District Court within 30 days after the defendant receives the initial pleading on which the claim is based.[2] 28 U.S.C. § 1446(b). A petition for removal fails unless all defendants join it. Hanrick v. Hanrick, 153 U.S. 192 (1894). The plaintiff then has 30 days to move to remand the case to state court on the basis of a defect in the removal procedure. 28 U.S.C. § 1447(c). The party seeking to preserve removal bears the burden of establishing that it complied with the requirements of the removal statute. International Ins. Co. v. Saco Defense, Inc., No. 98 C 3628, 1998 WL 939680, at *1 (N.D.Ill. Jan. 8, 1998) (citing cases).

The plaintiff has raised no procedural challenge to the removal,[3] so we turn to the question of whether this court has

---

[2]/ The removal petition is based on the plaintiff's amended complaint. For the sake of simplicity, however, we will refer to it as "the complaint."

[3]/ Although we have a duty to investigate our jurisdiction in removal cases, no authority suggests that this duty requires us also to investigate sua

"original jurisdiction," 28 U.S.C. § 1441(a), over this case. There being no contention that this court has jurisdiction because of diversity of citizenship, we look to whether the case arises under "the Constitution, laws, or treaties of the United States." Moran v. Rush Prudential HMO, Inc., 230 F.3d 959, 966 (7th Cir. 2000) (quoting 28 U.S.C. § 1331). The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a substantial federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). A federal defense to a claim arising under state law does not create federal jurisdiction and therefore does not authorize removal. Moran, 230 F.3d at 966-67 (citations omitted). Even if the defense is based on federal preemption of the state law claim, the preemption defense is not a

---

sponte whether the procedural requirements of removal were met. In fact, the Seventh Circuit has held that district courts lack authority to remand sua sponte for purely procedural defects, because the remand statute, 28 U.S.C. § 1447, requires a "motion to remand." In re Continental Cas. Co., 29 F.3d 292, 294 (7th Cir. 1994). District judges "ought to wait for a motion, because ... the plaintiff may forgive the procedural defect and accept the defendant's preference for a federal forum." Id. at 295. Here, the Notice of Removal was deficient because defendants Poole and Smith failed to provide written support for the removal from the other defendants. But by not raising this defect, the plaintiff has waived it and we cannot consider it. See id. at 294-95.

basis for removal. <u>Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 10 (1983), <u>superceded by statute on other grounds</u>, 28 U.S.C. § 1441(e); <u>see also</u> <u>In re Amoco Petroleum Additives Co.</u>, 964 F.2d 706, 709 (7th Cir. 1992)("When federal law occupies a field, state rules are preempted. But preemption is just a defense, and federal defenses to claims based on state law are adjudicated in state court.")

An exception to the well-pleaded complaint rule is known as the "complete preemption" doctrine. <u>Moran</u>, 230 F.3d at 966-67. Complete preemption -- as distinct from the preemption defense -- requires both federal preemption of state law and the congressional intent to make the plaintiff's cause of action removable to federal court. <u>Hogan v. Transamerica Commercial Fin. Corp.</u>, 91 C 7169, 1992 WL 225565 at *2 (N.D. Ill. Sept. 8, 1992). As the Supreme Court explained:

> On occasion, the court has concluded that the preemptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.

<u>Caterpillar Inc.</u>, 482 U.S. at 393. In other words, the doctrine "permits 'recharacterization' of a plaintiff's state law claim as a federal claim so that removal is proper," even though the

complaint does not mention a federal basis of jurisdiction. Moran, 230 F.3d at 966-67 (noting that it "is not a preemption doctrine but rather a federal jurisdiction doctrine").

The removing defendants argue that removal is proper because the plaintiff's claim for interference with prospective economic advantage is based on Poole's letter requesting the restructuring of the plaintiff's position - speech constituting a "protected activity" under the FLMRA. In their Notice of Removal, the removing defendants do not argue that the complete preemption doctrine applies, but they do cite cases holding that removal was proper because the doctrine applied. They state in their response to the remand motion that this court must examine the terms of the collective bargaining agreement and labor policy of the union in order to resolve the claim - an argument that suggests they wish this court apply the doctrine of complete preemption. See e.g., In re Amoco Petroleum Additives Co., 964 F.2d at 709 (stating that claims requiring interpretation or enforcement of a collective bargaining agreement are preempted by § 301 of the Labor-Management Relations Act). However, the Response disavows any preemption argument, and argues instead that removal is proper because the

federal claim appears on the face of the plaintiff's complaint.[4] We will take the defendants at their word and consider their arguments and analyze their claim only under the well-pleaded complaint rule. See Hunter v. Greenwood Trust Co., 856 F. Supp. 207, 212-13 & n.3 (D.N.J. 1992) (applying the well-pleaded complaint rule instead of the complete preemption doctrine because the defendant had "made it abundantly clear" that it did not rely on the complete preemption doctrine as a basis for removal.)

The removing defendants argue that the question of federal law presented on the face of the plaintiff's claim for tortious interference is "whether defendant Poole's act of writing a letter to the FAA involved a protected union activity under the Federal Labor Relations Act, 5 U.S.C. § 7101, et seq." Response, at 4. They point specifically to § 7102, which grants employees the right "to present the views of the labor organization to heads of agencies." They urge that Defendant Poole wrote the letter in his official capacity as a union official and that the letter expressed

---

[4] "Both parties appear to agree that there is no issue of preemption over Plaintiff's claims in this case. Defendants, however, rely not upon the complete preemption doctrine, but the well-pleaded complaint rule to confer federal question jurisdiction." Response at 4. Later the defendants further state that "there is no federal preemption being asserted as a defense." Id. at 8.

NATCA's views regarding the plaintiff's performance as a manager of the FAA.[5]

Under the well-pleaded complaint rule, there is no original federal jurisdiction unless it appears that some substantial, disputed question of federal law is a necessary element of the plaintiff's state law claim. See Franchise Tax Bd., 463 U.S. at 13. Moreover, even if a state law claim is premised on the violation of a federal law, no "substantial" federal question is presented unless the federal law itself creates a private right of action in favor of the plaintiff. Seinfeld v. Austen, 39 F.3d 761, 764 & n. 2 (7th Cir. 1994) (discussing Merrell Dow Pharmaceuticals, Inc., v. Thompson, 478 U.S. 804, 808 (1986)).

The removing defendants have not identified the elements of what they perceive to be a claim for interference with a prospective economic advantage, much less explained which of these

---

[5] In addition, the removing defendants argue that the collective bargaining agreement ("CBA") between the FAA and NATCA must be examined because Article 4 of Section 10 protects the defendants from any "personnel action" taken as a "reprisal for the employee's disclosure of," among other things, "mismanagement." Response, at 6 (emphasis supplied). This argument is specious. The plaintiff was not a party to the CBA, nor do her individual rights arise under it. Article 4 of Section 10 does not apply to this case because there are no allegations that any "personnel action" was taken against defendants Poole or Smith. Moreover, the letter says nothing about the plaintiff's performance as a manager. It only states that Bebble sued NATCA and, therefore, her contact with NATCA should be minimized to avoid exacerbating the ongoing litigation. See Notice of Removal, Exh. II(B). The defendants identify no other reason why the Court needs to examine "union policy" in order to decide the merits of the plaintiff's claim.

elements presents a substantial, disputed question of federal law. Instead, they assert repeatedly that a federal claim arises because the defendant's conduct was protected by § 7102 of the FLMRA. However, Illinois case law holds that the existence of a justification is an affirmative defense, and the plaintiff need not plead and prove the absence of a justification. Roy v. Coyne, 630 N.E.2d 1024, 1032 (Ill. App. Ct. 1994).[6]

The only exception to this rule arises when the complaint itself establishes the existence of a privilege, in which case the plaintiff bears the burden of pleading and proving that the defendant acted outside the privilege. Id. at 1033.

> [I]f the complaint may not fairly be said to introduce the existence of a recognized statutory or common law privilege, it is not the duty of the plaintiff to plead and prove lack of justification, but it becomes the defendant's burden to plead and prove the privilege as an affirmative matter, for there may be no way for a plaintiff to know in advance whether the defendant enjoys a privilege, or indeed, whether he will ever claim that he does.

Id. Here, the claimed justification - § 7102 of the FLMRA - is not apparent on the face of the complaint and it is unclear whether it

---

[6] Roy v. Coyne discussed prior Illinois case law that placed the burden on the plaintiff to allege that the defendant acted without justification. 630 N.E.2d at 1030. Opining that this allocation of burdens caused "rampant confusion" in the Illinois courts, the Roy Court announced a departure from this practice. Id. at 1030, 1032 (agreeing with scholarly criticism that it makes little sense to require a plaintiff to plead and prove the negative proposition that the defendant acted without justification or privilege).

even applies to Poole. Section 7102 only protects "employees," defined as individuals "(A) employed in an agency; or (B) whose employment in an agency has ceased because of any unfair labor practice ...." 5 U.S.C. § 7103. An "agency" is "an Executive agency," such as the FAA. There is no allegation in the complaint (nor even in the defendant's own Notice of Removal, for that matter) that Poole is an employee of the FAA. In the letter attached to the complaint, he identifies himself only as the Regional Vice President, Great Lakes Region of NATCA. We conclude that the plaintiff's state law claim does not require her to disprove that Poole is protected by § 7102.

But even more fundamentally, the plaintiff certainly could not have filed her claim for interference with prospective economic advantage in federal court simply on the basis of the § 7102 defense, even if the inapplicability of § 7102 were itself an element of the plaintiff's claim. See Seinfeld, 39 F.3d at 763 (quoting Caterpillar, Inc., 482 U.S. at 392, for the proposition that only state court actions that could have been filed originally in federal court can be removed to federal court). An element of the state claim can give rise to federal question jurisdiction only if it poses a "substantial" federal question, which means the statute evinces "a congressional choice to include a private right of action in favor of plaintiffs." Id. at 764 & n. 2 (discussing

the holding of <u>Merrell Dow</u>, 478 U.S. at 814). Here, it is not the plaintiff but the defendants who invoke the protection of § 7102. This is nothing to show that a "substantial" federal question is presented on the face of the complaint. <u>Cf.</u> <u>Seinfeld</u>, 39 F.3d at 764 - 65 (disallowing removal where an element of the plaintiff's state law claim for breach of fiduciary duty was a violation of federal anti-trust law, but the law did not grant plaintiffs a private right of action).

Ultimately, then, the proposition that Poole's activity was protected under § 7102 is just a defense, which is clearly insufficient to support a petition for removal. <u>See</u> <u>Franchise Tax Bd.</u>, 463 U.S. at 14 (stating that a case may not be removed to federal court on the basis of a federal defense "even if both parties admit that the defense is the only question truly at issue in the case"). The case must be remanded to state court.

## Conclusion

For the reasons explained above, the Motion to Remand this case to the Circuit Court of Cook County is granted.

DATE: February 7, 2001

ENTER: _____
John F. Grady, United States District Judge